# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645

---

| | |
|---|---|
| Appellate Court Caption | CARDENAS MARKETING NETWORK, INC., a Florida Corporation, Plaintiff-Appellee, v. EVARISTO "ARTIE" PABON, JR., d/b/a Latin Entertainment Group, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-11-1645 |
| Filed | May 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for breach of contract and account stated arising from the parties' agreement to coproduce entertainment events, the trial court's denial of defendant's motion to dismiss the complaint for lack of personal jurisdiction was reversed, notwithstanding the clause in the written contracts providing that any litigation would be brought in Illinois, since the record did not contain written contracts for all events involved, defendant filed a *pro se* motion that preserved his challenge to personal jurisdiction, defendant did not transact business in Illinois, only one event was in Illinois, no written contract was produced for that event, Illinois lacked general personal jurisdiction, the record did not support plaintiff's argument that the parties had a singular oral contract with a continuous accounting system, such that partial performance of one event in Illinois subjected defendant to jurisdiction in Illinois, and defendant did not have sufficient minimum contacts that he could have anticipated being sued in Illinois. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-11260; the Hon. William Taylor, Judge, presiding. |

| Judgment | Reversed. |
|---|---|
| Counsel on Appeal | Nicholas A. Caputo and Ljubica Popovic, of Caputo Law Firm, of Chicago, for appellant. |
| | Terrence M. Jordan, of Chicago, for appellee. |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion. Justices J. Gordon and Howse concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Evaristo "Artie" Pabon, Jr., d/b/a Latin Entertainment Group, appeals under Supreme Court Rules 306(a)(2) and (a)(3) from an order of the circuit court of Cook County denying his motion to dismiss plaintiff Cardenas Marketing Network, Inc.'s complaint for lack of personal jurisdiction and *forum non conveniens*. Ill. S. Ct. Rs. 306(a)(2), (a)(3) (eff. Feb. 16, 2011). Defendant argues that the trial court erred (1) in concluding it had specific personal jurisdiction over him; and (2) in finding that forum is proper in Illinois.

¶ 2    Plaintiff's complaint against defendant pled two counts, breach of contract and an account stated. The complaint alleged that plaintiff is a Florida corporation doing business in Cook County. Defendant is an individual who resides in Connecticut, but does business in various places throughout the country, including Cook County, under the "assumed name," Latin Entertainment Group.

¶ 3    In December 2006, Henry Cardenas on plaintiff's behalf and defendant entered into "an oral agreement for the copromotion of a series of entertainment events." In December 2007, they orally agreed to copromote another series of entertainment events. The complaint states that "some" of the copromotion events written agreements were signed by the parties. The complaint alleges that the series of entertainment events included three events in Washington, D.C., one in Connecticut and one in Chicago.

¶ 4    In October 2007, at the conclusion of the copromoted events, a balance remained owing from defendant to plaintiff in the amount of $204,784.54. Plaintiff alleged that it fully performed under the agreement and made a demand for payment on defendant for the amount due. Plaintiff requested the amount due with prejudgment interest from October 31, 2007, until judgment.

¶ 5    Plaintiff attached several exhibits to the complaint, including three written contracts for the copromotion of specific entertainment events. The attached contracts were for events occurring in Connecticut and Washington, D.C., in 2007. Each of the contracts contained the following clause.

"**Governing Law:** This Agreement shall be construed in accordance with the laws of the State of Illinois applicable to agreements which are executed and fully performed within the State of Illinois. All actions, proceedings or litigation brought by the Parties shall be instituted and prosecuted solely within City of Chicago, State of Illinois. The Parties hereby consent to the jurisdiction of the state courts of Illinois and federal courts located within the State of Illinois with respect to any matter arising out of or relating to this Agreement."

¶ 6     In April 2010, the trial court entered an order holding defendant in default for failure to appear and set further proceedings to "prove up" the judgment. In May 2010, defendant filed a *pro se* motion, entitled "Opposition to Motion to Asses[s] Damages and Motion to Vacate Default and Motion to Dismiss." In his motion, defendant asserted that the trial court could not assess damages against him. Defendant argued that he was not subject to personal jurisdiction in Illinois because service was improper because it was conducted on defendant individually, but plaintiff's contract was with Latin Entertainment Group, a corporation. Defendant also contended that Illinois did not have specific personal jurisdiction over him because he has not purposefully availed himself of doing business in Illinois when a company with which he is associated enters into a contract with a business that does business in Illinois. Finally, defendant argued that plaintiff's complaint failed to state a claim because plaintiff failed to allege one or more required elements for each claim and plaintiff did not have any dealings with defendant in his individual capacity. No ruling referencing this specific motion is in the record on appeal.

¶ 7     In June 2010, the trial court entered an agreed order, stating that the cause was coming to be heard for status and on "Defendants' Motion to Vacate Default Judgment, For Leave to File Appearance, *instanter*, and for Extension of Time to Answer or Otherwise Plead." The order vacated any and all defaults entered against defendant and/or Latin Entertainment Group, granted defense counsel leave to file an appearance, and granted a 28-day extension of time for defendant to file an answer or other pleading.

¶ 8     In July 2010, plaintiff filed a first amended complaint. The complaint realleged the breach of contract and account stated counts from the original complaint and added four additional counts. Plaintiff alleged common law fraud (count III), unfair trade practice under Connecticut statutes (count IV), breach of contract (count V), and breach of fiduciary duty (count VI). All of the new counts were based on an October 2009 oral agreement between Henry Cardenas on plaintiff's behalf and defendant to coproduce a live music event on January 30, 2010, at the Mohegan Sun Casino in Uncasville, Connecticut. Plaintiff alleged that defendant directed the Mohegan Sun Casino to pay the gate proceeds from the event to him, and defendant failed to deliver the proceeds to plaintiff as previously agreed. Plaintiff requested the amount of the gate proceeds, $459,000, as well as punitive damages. The amended complaint included the same exhibits with one addition, a letter from defendant to an individual at the Mohegan Sun Casino directing the casino to forward all box office proceeds from the January 30, 2010, event to plaintiff.

¶ 9     On August 10, 2010, defendant filed a motion to dismiss plaintiff's complaint for *forum non conveniens* pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), or in the alternative to transfer to another forum. In the motion, defendant

-3-

argued that plaintiff is a Florida corporation while defendant resides in Connecticut and Latin Entertainment Group is a Connecticut limited liability company with its principal place of business in Connecticut. Defendant further asserted that the events that are the subject of the complaint occurred in Washington, D.C., and Connecticut. Additionally, defendant argued that the contract was executed by Latin Entertainment Group in Connecticut, the complaint sought relief in part under Connecticut state statutes, and the witnesses necessary to the litigation were not Illinois residents. Defendant contended that Illinois had no legitimate connection to the case and was not a proper forum. Defendant admitted that the contract contained a forum selection clause indicating Illinois as the proper forum, but asserted that the clause should not be enforced because of the complete lack of any connection to Illinois.

¶ 10       On August 11, 2010, defendant filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to section 2-209 (735 ILCS 5/2-209 (West 2010)). Defendant argued that the court did not have personal jurisdiction over defendant under section 2-209 because defendant is not an Illinois resident, does not do business in Illinois, does not have offices or property in Illinois, and does not market, advertise, promote or sell any products in Illinois to establish general or specific jurisdiction. Defendant also asserted that the contract that is the subject of the litigation was not signed or executed in Illinois, but instead Connecticut, Florida and Washington, D.C. Defendant contended that he had "no minimum contacts with Illinois nor has he availed himself of the privileges of conducting activities within Illinois."

¶ 11       Plaintiff filed responses to both motions. In its response to the *forum non conveniens* motion, plaintiff asserted the validity of the forum selection clause in the contract, plaintiff's offices in Chicago, and one of the entertainment events took place in Chicago. The response to defendant's motion to dismiss for lack of personal jurisdiction also relied on the forum selection clause and maintained that defendant performed part of the contract at issue in counts I and II in Chicago, allowing for the court to have personal jurisdiction over defendant pursuant to section 2-209(a)(7) (735 ILCS 5/2-209(a)(7) (West 2010)). Section 2-209(a)(7) provides that a person has submitted himself to the jurisdiction of the court of Illinois by "[t]he making or performance of any contract or promise substantially connected with this State." 735 ILCS 5/2-209(a)(7) (West 2010).

¶ 12       While the motions were pending, the parties participated in limited discovery, including the taking of depositions of Henry Cardenas and defendant. At defendant's deposition, plaintiff's attorney asked numerous questions about the location of several individuals and about defendant's bank accounts. When asked about his agreement with Cardenas, defendant answered that they entered into a verbal agreement in Connecticut in 2006. Defendant explained that Cardenas asked for the rights to put on shows in Chicago for tours owned by defendant's company, Latin Entertainment Group. Defendant testified that he brought the artist and plaintiff put on the show. Defendant stated that he put on three shows in Chicago with plaintiff in 2006 and 2007. Defendant did not do business with any companies other than plaintiff in Illinois.

¶ 13       Defendant made the following statement about the parties' agreement.

"[E]very deal stood on its own. So if we did this show, it was over, if I lost, he lost, it's

closed then we move on to the next one.

But there was never any money rolling over from–I understood the question as you saying okay, well, I owe you from this one, but you owe me from this one, we're going to consolidate them, that never happened during the deals that I bought from him because every single show that I did in Washington, D.C. or Connecticut was a straight up purchase from him."

¶ 14    Defendant testified that the money for each show was fully paid in "less than 60 days." Defendant stated that he did not have written agreements for any concert for Illinois.

¶ 15    Henry Cardenas testified at his deposition that the oral agreement with defendant was that Cardenas would help defendant promote shows in Chicago and defendant would help plaintiff with shows on the East Coast, Washington, D.C., and Connecticut. Cardenas stated that plaintiff entered into a consulting agreement for the shows in Chicago, not a written copromotion agreement. When asked what portion of the claimed damages were from concerts in Chicago, Cardenas responded:

"[G]oing through the ledger it is impossible for me to answer the question, because I consider this a series of concerts. That was the agreement that we established with Artie Pabon back in 2006 at the Mohegan Sun. So I cannot allocate 'x' amount of money to the concerts in Chicago. To me this is a lump sum that he owes me due to the series of business that we did together."

¶ 16    Cardenas stated that defendant was owed a credit after the 2007 concert in Chicago. However, he said that credit was partially applied to debt from a prior event and the rest was applied as a credit to a future concert event. Then, after a concert in Washington, D.C., defendant owed plaintiff $10,824.05. Cardenas testified that after concerts in Washington, D.C., and Connecticut, which was the end of the agreed series of events, defendant owed him $353,901.54. Defendant made some payments to plaintiff to pay the debt.

¶ 17    In May 2011, the trial court entered its order on defendant's motions to dismiss. In considering defendant's challenge to jurisdiction, the court found that defendant was not doing business in Illinois, but held that defendant had sufficient minimum contacts with Illinois and denied defendant's motion to dismiss for lack of personal jurisdiction under section 2-209. The court ruled that the parties entered into a contract to copromote certain events, and one of the events was performed in Chicago. "This fact–that the parties contracted that one of the events they would copromote together would take place in Chicago, Illinois–satisfies the minimum contacts test. By agreeing to promote an event in Chicago, [defendant] had fair warning that his activities may subject him to suit in Illinois." Further, the trial court found sufficient connection of litigation with Illinois and denied defendant's motion to dismiss for *forum non conveniens*. Defendant filed a motion to reconsider, which the trial court denied.

¶ 18    This appeal followed.

¶ 19    On appeal, defendant argues that the trial court erred in denying his motions to dismiss for lack of personal jurisdiction and for *forum non conveniens*. Specifically, defendant contends that the trial court's application of the Illinois long-arm statute was erroneous because the Illinois event relied upon to establish personal jurisdiction was fulfilled in 2007

and does not give rise to the claims raised in plaintiff's complaint. According to defendant, no transaction or tort committed in Illinois gave rise to plaintiff's causes of action. However, plaintiff responds that defendant has forfeited his personal jurisdiction challenge in two ways: (1) the written contracts contain a clause selecting Illinois as the forum and consenting to jurisdiction; and (2) defendant did not file a motion objecting to the trial court's exercise of personal jurisdiction in compliance with section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2010)).

¶ 20     We first consider whether defendant has consented to jurisdiction in Illinois in the parties' contracts. Plaintiff maintains that the forum selection clause contained in the attached copromotion agreements controls and should be enforced. However, the record does not contain written copromotion agreements for all of the entertainment events produced by the parties. Specifically, no contract for an Illinois event is included, nor is an agreement for the 2010 concert at the Mohegan Sun Casino in Connecticut part of the record. The individual copromotion agreements only govern causes of action arising from those specific contracts. The parties did not have one written agreement that encompassed their complete involvement with promoting entertainment events. Since the forum selection clauses are only applicable to specific written contracts and plaintiff's complaint relates to events without attached written contracts, we decline to extend the forum selection clause to agreements that have not explicitly adopted such a provision. Accordingly, defendant has not forfeited his personal jurisdiction challenge on this basis.

¶ 21     Next, we turn to section 2-301 to determine whether defendant has forfeited his objection to personal jurisdiction. Section 2-301 of the Code of Civil Procedure governs challenges to personal jurisdiction. Prior to 2000, section 2-301 "stated that a defendant had to file a special appearance for the purpose of objecting to the court's jurisdiction over his person; this special appearance had to be filed prior to the filing of any other pleading or motion, and every appearance not in compliance with that section was considered a general appearance." *Larochelle v. Allamian*, 361 Ill. App. 3d 217, 220 (2005); see also 735 ILCS 5/2-301 (West 1998).

¶ 22     Currently, section 2-301 states, in relevant part:

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. Unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts.

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a

motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a), (a-5) (West 2010).

¶ 23    The Second District in *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006), observed that section 2-301, after the 2000 amendment, differs from the prior version in four significant ways. First, the statute no longer requires or mentions the need to file a special appearance to preserve an objection to personal jurisdiction. Second, the statute does not differentiate other appearances as general appearances. Third, the defendant may combine his motion challenging jurisdiction with additional motions seeking relief on different grounds. Under the previous version, this type of filing would have been considered a general appearance and would have resulted in a forfeiture of a jurisdictional challenge. Fourth, "section 2-301 now contains an explicit waiver provision that is narrower than the prior rule that waiver occurred if a party made a general appearance. By its terms, the statute now provides for waiver of an objection based on personal jurisdiction only if the party files a responsive pleading or a motion (other than one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection. Notably, there is no provision that a 'general appearance,' as such, results in waiver." *KSAC Corp.*, 364 Ill. App. 3d at 595.

¶ 24    The reviewing court in *KSAC Corp.* concluded that "[t]he plain language of section 2-301(a-5) provides for waiver *only if* the defendant files a *pleading* or a *motion* (other than one seeking an extension of time to answer or otherwise appear)." (Emphases in original.) *KSAC Corp.*, 364 Ill. App. 3d at 597. Stated another way, "[a] party does not waive its objection to the court's jurisdiction over the party's person so long as the party objects to the court's jurisdiction before the party files a motion or other responsive pleading." *Larochelle*, 361 Ill. App. 3d at 220 (citing *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 366 (2001)).

¶ 25    In the instant case, the first filing by defendant was a *pro se* motion, entitled "Opposition to Motion to Asses[s] Damages and Motion to Vacate Default and Motion to Dismiss." In his motion, defendant asserted that he was not subject to personal jurisdiction in Illinois and that the complaint should be dismissed for failure to plead a valid cause of action because there was no contract between plaintiff and defendant in his individual capacity. Specifically, defendant argued that (1) service of process was improper because defendant did not sign the contract in his individual capacity; (2) the trial court lacked jurisdiction over defendant because defendant was not "doing business" in Illinois and none of the actions of defendant or Latin Entertainment Group were directed to Illinois; and (3) the complaint should be dismissed because the contract presented with the complaint was not between plaintiff and defendant in his individual capacity.

¶ 26    Though defendant referenced federal cases and statutes, defendant clearly objected to personal jurisdiction as well as filed a motion to dismiss the complaint for failure to state a claim. This motion complies with section 2-301. Defendant filed an objection to personal jurisdiction before filing any responsive pleading or other motion. As we discussed, under the current version of section 2-301, the requirements for a special appearance no longer exist and subsequent filings after an objection to personal jurisdiction has been made do not result in forfeiture of the defendant's jurisdiction objection. Accordingly, we find that defendant filed a motion in compliance with section 2-301 and did not forfeit his personal

jurisdiction challenge.

¶ 27    Next, we review defendant's personal jurisdiction challenge.

¶ 28    "When the circuit court decides a jurisdictional question solely on the basis of documentary evidence as it did in this case, the question is addressed *de novo* on appeal." *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 561 (2006). It is the plaintiff's burden to establish a *prima facie* case for personal jurisdiction over the defendant. *Roiser*, 367 Ill. App. 3d at 561. To determine whether the plaintiff has set forth a *prima facie* case for jurisdiction, the trial court must consider the uncontroverted pleadings, documents and affidavits, as well as any facts asserted by the defendant that have not been contradicted by the plaintiff. *Knaus v. Guidry*, 389 Ill. App. 3d 804, 813 (2009). "If we find that plaintiff has made a *prima facie* case for jurisdiction, we must then determine if any material evidentiary conflicts exist." *Russell v. SNFA*, 408 Ill. App. 3d 827, 831 (2011). " 'If jurisdictional facts remain in controversy, then the court must conduct a hearing to resolve those disputes.' " *Russell*, 408 Ill. App. 3d at 830-31 (quoting *Knaus*, 389 Ill. App. 3d at 813).

¶ 29    Section 2-209 of the Code of Civil Procedure sets forth the grounds when Illinois courts will exercise personal jurisdiction over a nonresident defendant. 735 ILCS 5/2-209 (West 2010). Section 2-209(a) outlines specific actions by a defendant that will subject him or her to specific personal jurisdiction in Illinois. 735 ILCS 5/2-209(a) (West 2010). Section 2-209(b) outlines the instances in which Illinois has general jurisdiction over a nonresident corporation. 735 ILCS 5/2-209(b) (West 2010). Finally, section 2-209(c) is a "catchall provision" (*Roiser*, 367 Ill. App. 3d at 561), which permits Illinois courts to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2010). Accordingly, " 'if the contacts between a defendant and Illinois are sufficient to satisfy both federal and state due process concerns, the requirements of Illinois' long-arm statute have been met, and no other inquiry is necessary.' " *Knaus*, 389 Ill. App. 3d at 814 (quoting *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 387 (2005)).

¶ 30    For a court to exercise general jurisdiction over a nonresident defendant, the defendant has to have " ' "continuous and systematic general business contacts," ' " such that it may be sued in the forum state for suits unrelated to its contacts within the forum. *Keller v. Henderson*, 359 Ill. App. 3d 605, 613 (2005) (quoting *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 857 (2001), quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). In contrast, a court can exercise specific jurisdiction over a defendant only if the suit arises out of its contacts with the forum state. *Keller*, 359 Ill. App. 3d at 613.

¶ 31    First, we consider whether the trial court has general jurisdiction over defendant pursuant to section 2-209(b) and find that only subsection (b)(4) could be applicable in this case. Under section 2-209(b)(4), a court may exercise jurisdiction over a defendant that is "doing business within this State." 735 ILCS 5/2-209(b)(4) (West 2008). " 'Illinois limits general jurisdiction over nonresidents to instances in which the nonresident was present and doing business in the forum.' " *Compass Environmental, Inc. v. Polu Kai Services, L.L.C.*, 379 Ill. App. 3d 549, 558 (2008) (quoting *Bolger v. Nautica International, Inc.*, 369 Ill. App. 3d 947, 951 (2007)). This "doing business" standard is very high and requires the nonresident

corporation's business activity in Illinois to be carried on, not casually or occasionally, but with a fair measure of permanence and continuity. *Roiser*, 367 Ill. App. 3d at 562. This requirement means that " '[i]n effect, the foreign corporation has taken up residence in Illinois and, therefore, may be sued on causes of action both related and unrelated to its activities in Illinois.' " *Roiser*, 367 Ill. App. 3d at 563 (quoting *Riemer v. KSL Recreation Corp.*, 348 Ill. App. 3d 26, 35 (2004)). "Although there may be no such all-inclusive test, almost all Illinois cases determining the existence of personal jurisdiction over foreign corporations have based their findings upon the existence of factors such as offices or sales activities in Illinois." *Rokeby-Johnson v. Derek Bryant Insurance Brokers, Ltd.*, 230 Ill. App. 3d 308, 319 (1992).

¶ 32 Here, we find that Illinois courts cannot exercise general jurisdiction over defendant. Defendant does not transact business in Illinois. He does not have offices, employees or sales activities in Illinois. The complaint only alleged that defendant worked with plaintiff on one event in Chicago. No other business transactions took place in Chicago. Defendant's business in Illinois does not have a fair measure of continuity or permanency. Nor has defendant engaged in continuous and systematic business contacts in Illinois. Accordingly, we affirm the trial court's finding that Illinois courts lack general personal jurisdiction over defendant.

¶ 33 Next, we examine whether the trial court has specific personal jurisdiction over defendant. "In order to subject a particular defendant to specific personal jurisdiction in a given forum, he must 'have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [Citation.]' " *Knaus*, 389 Ill. App. 3d at 814-15 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "With specific jurisdiction, a nonresident defendant has minimum contacts with the forum state, when the defendant has purposefully directed its activities at the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Russell*, 408 Ill. App. 3d at 833.

¶ 34 Plaintiff contends that personal jurisdiction is proper under section 2-209(a)(7) of the long-arm statute. Section 2-209(a)(7) provides:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

* * *

(7) The making or performance of any contract or promise substantially connected with this State[.]" 735 ILCS 5/2-209(a)(7) (West 2008).

¶ 35 Here, plaintiff has asserted that the trial court has personal jurisdiction over defendant under subsection 2-209(a)(7) based on the parties' oral agreement to promote a series of entertainment events, including an event in Chicago, such that defendant has satisfied the minimum contacts requirement. Plaintiff has not argued that personal jurisdiction exists under any other section of the long-arm statute.

¶ 36 We note that plaintiff is a Florida corporation with its principal place of business in

Chicago while defendant is a resident of Connecticut. A nonresident defendant's contract with an Illinois resident does not automatically establish sufficient minimum contacts to satisfy federal due process. *Estate of Isringhausen v. Prime Contractors & Associates, Inc.*, 378 Ill. App. 3d 1059, 1065 (2008). "In determining whether the defendant sufficiently availed itself of the benefits of Illinois law in forming the contract with the Illinois resident, the court should consider the following: (1) who initiated the transaction; (2) where the contract was negotiated; (3) where the contract was formed; and (4) where performance of the contract was to take place." *Isringhausen*, 378 Ill. App. 3d at 1065-66 (citing *Bolger v. Nautica International, Inc.*, 369 Ill. App. 3d 947, 952 (2007), citing *Viktron Ltd. Partnership v. Program Data Inc.*, 326 Ill. App. 3d 111, 117-18 (2001)).

¶ 37     In the instant case, plaintiff initiated an oral agreement with defendant. Cardenas approached defendant to set up a business arrangement for a series of entertainment events at a meeting in Connecticut in 2006. No further terms of this oral agreement are explained. The complaint states that the parties opted to continue their oral agreement in 2007. The performance of the oral agreement was to take place in Illinois, Connecticut and Washington, D.C. The complaint states that one event took place in Illinois, and according to the parties' depositions, two additional events took place in Illinois in 2006. The question before this court is whether plaintiff's cause of action arose from the making or performance of a contract in Illinois.

¶ 38     Plaintiff argues that the court has specific personal jurisdiction over defendant because the parties orally agreed to a series of transactions for the promotion of entertainment events and part of the performance of the agreement was in Chicago. In plaintiff's view, all of the entertainment events constitute a series of transactions based on one overarching oral agreement between the parties and that ongoing financial accounting was part of this agreement. At the conclusion of the series of events, defendant owed plaintiff a significant amount of money, as alleged in counts I and II of the amended complaint. However, plaintiff has no documentation to support his assertions. When asked at his deposition what part of the damages were attributable to a concert in Illinois, plaintiff said it was "impossible" to answer.

¶ 39     Defendant contends that the cause of action did not arise specifically out of the Chicago event. Rather, defendant asserts that defendant was owed a credit after the Chicago concert. Defendant responds that any money allegedly owed to plaintiff arose from a separate entertainment event that occurred outside of Illinois. Moreover, counts III, IV, V, and VI are based on a specific entertainment event that occurred in Connecticut. Defendant maintains that each entertainment event had its own financial agreement, as shown by the individual written contracts executed for some of the events and plaintiff's alleged damages did not arise out of performance of the contract in Illinois.

¶ 40     Defendant points out that Henry Cardenas admitted in his deposition that defendant was owed a credit after the 2007 concert in Chicago. However, Cardenas also stated that the credit was partially applied to debt from a prior event and as a credit to a future event. Then, after a concert in Washington, D.C., defendant owed plaintiff $10,824.05. Cardenas testified that after concerts in Washington, D.C., and Connecticut, which was the end of the agreed series of events, defendant owed him $353,901.54. Cardenas also testified about an

-10-

additional concert in Connecticut. Defendant, in his deposition, stated that each event stood on its own and payments were settled for each event. We note that written contracts for some of the concerts in Washington, D.C., and Connecticut were appended to plaintiff's complaint, but the record does not include written contracts for all of the entertainment events in the series. Significantly, no written contract was produced for a Chicago concert.

¶ 41 After reviewing the record, we find that plaintiff has failed to establish a *prima facie* case for the exercise of jurisdiction. The record does not support plaintiff's theory that the parties agreed to one singular oral contract with a continuous accounting system, such that the partial performance of the contract in Illinois is sufficient to subject defendant to jurisdiction in Illinois. While it is clear that at least one entertainment event produced by the parties took place in Illinois, the record does not demonstrate that plaintiff's cause of action arose from performance of a contract in Illinois.

¶ 42 The written contracts attached to the complaint belie plaintiff's argument. Each written contract contains specific financial arrangements for a specific concert. None of the attached contracts reference an agreement to carry over any debts or credits into a future contract. In fact, the contracts do not mention any other entertainment events. Each contract also has an integration clause which provides that the contract contained "the sole and complete understanding of the parties hereto" and "may not be amended, supplemented, varied or discharged, except by an instrument in writing signed by both parties." As previously pointed out, there is no written contract for an event to be performed in Illinois. Based on this record, plaintiff has failed to establish that the cause of action arose out of defendant's contact with Illinois and we find that specific personal jurisdiction cannot be exercised over defendant. Defendant does not have sufficient minimum contacts with Illinois such that he could have reasonably anticipated being haled into an Illinois court. Since plaintiff has failed to meet his burden of establishing personal jurisdiction over defendants, we reverse the trial court's denial of defendant's motion to dismiss for lack of personal jurisdiction.

¶ 43 Because we have concluded that Illinois lacks jurisdiction over defendant, we need not reach defendant's remaining issue regarding his motion for *forum non conveniens*.

¶ 44 For the reasons set out above, we reverse the decision of the circuit court of Cook County.

¶ 45 Reversed.

-11-