# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN CHARTERED BANK, Plaintiff-Appellee, v. USMDS, INC., Defendant-Appellant, and STILLWATER HOMEOWNERS ASSOCIATION, UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants. |
| District & No. | Third District <br> Docket No. 3-12-0397 |
| Filed | March 22, 2013 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in denying defendant's motion to vacate the default judgment entered against it in mortgage foreclosure proceedings, since the trial court lacked jurisdiction because substitute service was invalid due to plaintiff's failure to satisfy the "due inquiry" requirements necessary to allow substitute service. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CH-687; the Hon. Richard J. Siegel, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Paul D. Nordini (argued), of Nordini & Thompson, LLP, of Naperville, for appellant.

Peter Kowels, Noah Weininger, and Daniel H. Olswang (argued), all of Hauselman, Rappin & Olswang, of Chicago, for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Carter and Lytton concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff American Chartered Bank filed a foreclosure action against defendant USMDS, Inc., and served USMDS through the Illinois Secretary of State and by publication. The trial court entered a default judgment against USMDS, which USMDS thereafter moved to vacate, arguing that the trial court lacked jurisdiction because service of process was improper. The trial court denied USMDS's motion to vacate and its subsequent motion to reconsider the denial. USMDS appealed. We reverse and remand.

¶ 2                                    FACTS

¶ 3    Plaintiff American Chartered Bank (ACB) issued a mortgage and promissory note to defendant USMDS, Inc., in February 2006. USMDS defaulted on the loan in September 2010. In February 2011, ACB filed a foreclosure complaint naming as defendants USMDS, Stillwater Homeowners Association, and unknown owners and nonrecord claimants. USMDS is the only party to this appeal. A summons issued to USMDS, care of defendant James Gentile, its registered agent, president and owner, at a Chicago address, and to Stillwater Homeowners Association at a Bolingbrook address. Affidavits of special process servers attested that Stillwater was successfully served and that service on USMDS was attempted at its Chicago address but was unsuccessful. An affidavit of due and diligent search regarding the process server's attempts to locate USMDS indicated that after "diligent search and inquiry by affiant, the residence of the subject person is unknown to the affiant." The affidavit set forth that a directory assistance search indicated no telephone listing for USMDS; the Secretary of State records showed USMDS was dissolved on September 10, 2010; and service was attempted at the registered office but USMDS had not occupied the space for several months per the current occupant.

¶ 4    Process was served on the Secretary of State and an affidavit of compliance for service on the Secretary of State was filed pursuant to section 5.25 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/5.25 (West 2010)). The affidavit established that the Secretary of State was served because USMDS had been dissolved and that a copy of service was mailed to USMDS at its Chicago address. An affidavit for service by publication was also

-2-

filed, which stated that an alternative address for USMDS was not located through a skip trace; that service would be by publication "to avoid jurisdictional issues"; and that upon diligent inquiry, the residence of USMDS could not be ascertained and its last known address was unknown. The notice by publication was printed in regional papers in April and May 2011 and a copy of the notice was mailed to the Chicago address of USMDS. The copy was returned as undeliverable.

¶ 5 ACB moved for a judgment of foreclosure and sale, which the trial court granted by default on October 19, 2011. In January 2012, USMDS filed a motion to vacate the default judgment under section 2-1301(g) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(g) (West 2010)). In its motion, USMDS alleged that it did not receive notice of publication; the same parties were involved in other pending lawsuits; the same attorneys were involved in the other pending actions; the parties in those actions were personally served, including Gentile, USMDS's registered agent; and USMDS had good and meritorious defenses to the foreclosure complaint. Gentile's affidavit was attached to the motion in which he attested to the allegations in the motion. A hearing on the motion to vacate was held. USMDS argued that substitute service by publication was improper because ACB did not engage in a diligent inquiry to personally serve it. The trial court denied the motion to vacate. The property was subsequently sold by sheriff's sale to ACB, which submitted the high bid of $430,590.

¶ 6 In February 2012, additional counsel for USMDS filed a general and co-counsel appearance. USMDS thereafter filed a motion to reconsider the denial of its motion to vacate and set aside the sale, arguing that the trial court lacked jurisdiction "due to imperfect service of summons" and that ACB did not satisfy the requirements for service by publication. Attached to the motion was another affidavit from Gentile, who attested that he financed his commercial and personal properties through ACB; he and the loan officer were former friends; the loan officer had been to Gentile's home and knew where his office was located; ACB had caused a receiver to be appointed for USMDS in the other pending cases to operate the rentals in the building where Gentile's office was located; the bank files included his personal address; and he had been served with summons as a USMDS agent or officer in another Will County case where ACB was the plaintiff and represented by the same attorney as in the instant action. A hearing took place on the motion to reconsider. USMDS argued both forms of substitute service were invalid because ACB failed to satisfy the due inquiry requirements necessary to obtain substitute service. The trial court found that "service on the corporation was proper" and denied the motion to reconsider. It also approved the sheriff's report of sale. USMDS appealed.

¶ 7                                    ANALYSIS

¶ 8 The issue on appeal is whether the trial court erred when it denied USMDS's motions to vacate and to reconsider its judgment of foreclosure. USMDS asserts that the trial court failed to require ACB to demonstrate "due inquiry" in attempting personal service on it, which it argues is a necessary prerequisite for substitute service, and that due to insufficient service, the trial court lacked jurisdiction over it. USMDS submits that ACB could have

effectuated personal service with minimal diligence because the whereabouts of USMDS's registered agent and its office were known to ACB, its counsel and its process servers. USMDS argues that the trial court erred in denying its motions to vacate the foreclosure order and to reconsider its denial of the motion to vacate.

¶ 9		Before we address the substantive issues, we must determine several waiver claims raised by ACB. It first argues that USMDS waived any objections to jurisdiction by filing a responsive pleading seeking to vacate the judgment of foreclosure before objecting to jurisdiction.

¶ 10		A court acquires jurisdiction over a party through a summons or by voluntary appearance. *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 984 (2008) (quoting *Rockdale Cable T.V. Co. v. Spadora*, 97 Ill. App. 3d 754, 758 (1981)). An order entered by a court that lacks personal jurisdiction is void and may be attacked at any time. *GMB Financial Group, Inc.*, 385 Ill. App. 3d at 984 (quoting *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002)). A party contesting jurisdiction on the ground of insufficiency of service of process must object by filing a motion to dismiss or a motion to quash service of process prior to filing any other pleading other than for an extension of time to answer or otherwise appear. 735 ILCS 5/2-301(a) (West 2010). If the party objecting to jurisdiction files a responsive pleading or motion, "that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a-5) (West 2010). We review questions of jurisdiction *de novo. National City Bank v. Majerczyk*, 2011 IL App (1st) 110640, ¶ 2.

¶ 11		We regard *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, as instructive on this matter. In *Cardenas*, the defendant's first pleading was a combined motion objecting to the plaintiff's motion to assess damages, seeking to vacate the default judgment, and moving to dismiss. *Cardenas*, 2012 IL App (1st) 111645, ¶ 25. The reviewing court considered that in spite of the defendant's reliance on federal cases and statutes, it "clearly objected to personal jurisdiction" in the motion and found the defendant's motion complied with section 2-301 of the Code. *Cardenas*, 2012 IL App (1st) 111645, ¶ 26. USMDS filed its initial motion under section 2-1301 of the Code. It premised its argument on the trial court's lack of jurisdiction over it and expressly challenged service by publication. It did not assert any argument other than contesting service of process. Like the defendant in *Cardenas*, USMDS "clearly objected to jurisdiction." Accordingly, we find that USMDS sufficiently complied with section 2-301 of the Code and did not waive its objection to jurisdiction on that basis.

¶ 12		ACB also argues that USMDS waived its challenge to the validity of service of process on the Secretary of State by not raising the issue before the trial court or on appeal.

¶ 13		Issues cannot be raised for the first time in the trial court in a motion to reconsider and issues raised for the first time in a motion to reconsider cannot be raised on appeal. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 134 (2008). On appeal, issues not argued are considered waived and "shall not" be raised in the reply brief, oral argument or a petition for rehearing. Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). However, where a party has argued an issue "clearly enough" in its appellate brief and explained its position, its argument on appeal may be deemed sufficient. *United Community Bank v. Prairie State Bank & Trust*, 2012 IL App

(4th) 110973, ¶ 63.

¶ 14 The record does not support ACB's argument that USMDS waived its argument regarding substitute service on the Secretary of State by failing to raise it in the trial court or in its appellate brief. In its motion to vacate, USMDS argued that service by publication was insufficient but did not specifically address service on the Secretary of State and did not challenge service on the Secretary of State in the hearing on its motion to vacate. It did, however, argue that service on its registered agent could have been obtained with minimal inquiry. USMDS focused its argument in support of its motion to vacate on lack of service. In its motion to reconsider the trial court's denial of its motion to vacate and at the hearing on the motion to reconsider, USMDS expressly raised the issue of sufficiency of service on the Secretary of State. Moreover, although USMDS failed to specifically challenge service on the Secretary of State in its appellate brief, the main contention of its argument on appeal is that ACB failed to engage in a diligent inquiry or attempt to serve process where it was likely to provide actual notice to USMDS. It defined the issues on review as challenges to ACB's "due inquiry" and to its compliance with the statutory requirements for service on a corporation. In the brief's argument portion, USMDS discussed due inquiry and maintained, as it did in the trial court, that ACB failed to demonstrate due inquiry as a mandatory prerequisite to substitute service. It cited to appropriate authority supporting its due inquiry argument. In its reply brief, it addressed ACB's particular claims regarding sufficiency of service on the Secretary of State with its argument that ACB did not satisfy the diligent search requirements necessary to establish the prerequisites for service on the Secretary of State. In consideration of all the circumstances and arguments made below and on appeal, we find that USMDS did not waive its objection to service on the Secretary of State.

¶ 15 Having found USMDS did not waive its challenge to service of process, we turn now to USMDS's substantive arguments on appeal. USMDS argues that the trial court should have required ACB to demonstrate that it engaged in due inquiry in attempting to serve process and that even if the trial court had required the proof, ACB could not satisfy the due inquiry requirements.

¶ 16 A trial court may set aside a final judgment entered against a defendant served by publication who did not receive a copy of the complaint or statutory notice by mail "as appears just" after a hearing. 735 ILCS 5/2-1301(g) (West 2010). A motion to reconsider allows a party to present newly discovered evidence, changes in the law or errors the trial court made in applying the law. *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 280 (2009). This court reviews a trial court's denial of a motion to vacate and a motion to reconsider for an abuse of discretion. *Mann v. The Upjohn Co.*, 324 Ill. App. 3d 367, 377 (2001) (quoting *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999)); *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 915 (1991).

¶ 17 A corporation is served "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State" or by any manner permitted by law, and it may be notified by publication and mail in the same manner and with the same effect as individuals. 735 ILCS 5/2-204 (West 2010). Strict compliance with the statutory requirements for substitute service is required and the party claiming substitute service bears the burden of showing compliance. *Equity Residential Properties Management Corp. v.*

*Nasolo*, 364 Ill. App. 3d 26, 32 (2006). When service on a defendant does not comply with the statute, the court lacks jurisdiction and a default judgment entered against the defendant is void. *First Federal Savings & Loan Ass'n of Chicago v. Brown*, 74 Ill. App. 3d 901, 905 (1979).

¶ 18        Service may be made by publication in an action affecting property where the plaintiff files an affidavit attesting that the defendant "on due inquiry cannot be found" and that "upon diligent inquiry" the defendant's place of residence cannot be ascertained. 735 ILCS 5/2-206(a) (West 2010). Due inquiry and due diligence are statutory prerequisites for service by publication. *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 476 (2006). "[T]he law 'requires an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit.' " *Nasolo*, 364 Ill. App. 3d at 32 (quoting *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972)). Where a party's efforts to comply with the provisions have been "casual, routine, or spiritless," service by publication is not justified. *Bank of New York*, 369 Ill. App. 3d at 476.

¶ 19        A defendant challenging service by publication must file a counteraffidavit stating that he could have been found upon due inquiry. *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 981-82 (2004). Where there is a question as to whether plaintiff made the due and diligent inquiry required of a plaintiff intending to rely on service by publication, an evidentiary hearing should be held with the burden of proof on plaintiff to produce evidence establishing due inquiry. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18. Where no such hearing is conducted, the judgment of the court should be reversed and the matter remanded for an evidentiary hearing to determine whether diligent and due inquiry were conducted in an effort to locate the defendant before service by publication. *Cotton*, 2012 IL App (1st) 102438, ¶ 33.

¶ 20        Under the Act, service of process may be made on the Secretary of State when the "registered agent cannot with reasonable diligence be found at the registered office in this State," or when the corporation has been dissolved, the registered agent cannot be found at the registered office and a civil action is instituted against the corporation within five years of its dissolution. 805 ILCS 5/5.25 (West 2010). The statute requires service be made on the Secretary of State and notice of the service be sent to the corporation by registered or certified mail at its last registered office "the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice." 805 ILCS 5/5.25(c)(2)(ii) (West 2010). An affidavit of compliance by the person instituting the action must also be appended to the process, notice or demand. 805 ILCS 5/5.25(c)(3) (West 2010). Section 5.25(b) of the Act does not require a complainant to seek out the new address of a corporation after discovering its registered address was not updated. *Dutch Farm Meats, Inc. v. Horizon Foods, Inc.*, 275 Ill. App. 3d 322, 326 (1995). However, a party must reasonably inquire into where a defendant is likely to receive actual notice. *3M Co. v. John J. Moroney & Co.*, 374 Ill. App. 3d 109, 112-13 (2007) (distinguishing *Dutch Farms*, where the corporate president's wife accepted service and no evidence was presented that the defendant president was unaware of the pending action).

¶ 21        USMDS argues that the trial court failed to determine whether ACB engaged in sufficient

diligent inquiry and due inquiry to satisfy the requirements for substitute service and that substitute service, by publication and on the Secretary of State, did not comply with the statutory requirements. USMDS contends that the trial court should have conducted an evidentiary hearing to determine whether ACB employed due inquiry in serving process on USMDS before relying on substitute service.

¶ 22        ACB's attempt to personally serve USMDS at its registered office was unsuccessful and the affidavits of its process server established that he conducted a *pro forma* search for USMDS after failing to locate it at its Chicago address and was unable to determine its location. ACB then served process on USMDS through the Secretary of State and by publication. For service by publication, ACB was required to conduct diligent inquiry in locating USMDS's whereabouts. For service on the Secretary of State, ACB was obligated to inquire as to where USMDS's registered agent would receive actual notice of the complaint for foreclosure. Contrary to ACB's assertions that its inquiry ended once service was attempted at the corporation's registered address, ACB was required to send notice to USMDS at an address it would likely receive actual notice. USMDS alleges that with minimal effort, ACB could have located USMDS's owner and registered agent at his home address or business location, both of which were known to ACB. At the time ACB executed substitute service, ACB had financed Gentile's personal residence and the building where USMDS maintained its office. The ACB banker had been to Gentile's house. There were various lawsuits pending between the parties with the same attorneys at the time personal service was attempted. A receiver was collecting rents for ACB at the office building where USMDS maintained its office. There is nothing in the record to demonstrate that ACB attempted service on USMDS through Gentile at his residential address or a new business location, despite these locations being known to ACB.

¶ 23        The court in *Dutch Farms* determined that a party was not required to attempt service on a corporate officer or agent to satisfy the "reasonable diligence" requirement under section 5.25(b)(2) of the Act. 805 ILCS 5/5.25(b)(2) (West 2010). Here, however, USMDS claims that the trial court failed to shift the burden to ACB to demonstrate diligent inquiry to serve USMDS or that it engaged in an honest and well–directed effort to personally serve USMDS. According to USMDS, the whereabouts of its office and registered agent were known to ACB, its attorneys and its process servers. Moreover, *Dutch Farms* is distinguished in that it did not discuss the service requirements under section 5.25(c)(2)(ii), requiring process be sent to an address the complainant knows or with reasonable inquiry should know is likely to result in actual notice. USMDS presented evidence that with due and diligent inquiry or minimal effort, USMDS could have been served through its registered agent and owner/president, whose whereabouts were known to ACB. These facts are aligned with the facts in *National Wrecking Co. v. Midwest Terminal Corp.*, 234 Ill. App. 3d 750 (1992), where the trial court acknowledged that service on the Secretary of State was improper, although ultimately finding the issue waived. The *National Wrecking* court noted that the registered agent could have been served with minimal diligence as there was prior correspondence between the parties in the plaintiff's files. *National Wrecking Co.*, 234 Ill. App. 3d at 766 ("A minimal amount of diligence, such as a cursory review of company records, would have revealed the appropriate mailing address.").

¶ 24    Because USMDS presented facts challenging ACB's due inquiry efforts, the trial court should have granted USMDS's request for an evidentiary hearing and required ACB to establish due inquiry. *Brown*, 74 Ill. App. 3d at 906 (remanded for evidentiary hearing on defendant's claims of improper service; affidavit filed in support of service does not foreclose further inquiry by the court when validity of service is challenged). We thus find that USMDS is entitled to challenge the propriety of substitute service of process and that the trial court erred in failing to allow its challenge.

¶ 25    For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

¶ 26    Reversed and remanded.