MARGIE A. LAIRD *et al.* Appellants, *vs.* SARAH L. DICKIRSON, Appellee.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*abstract of record must disclose everything upon which error is assigned.* A party bringing a case to the Supreme Court for review must prepare and file a complete abstract of the record in accordance with the rules of such court, in which everything upon which error is assigned must appear.

2. SAME—*judgment of circuit court is presumed to be correct.* The judgment of the circuit court is presumed to be correct until the contrary is shown, and on the question whether any plea and demurrer were, in fact, filed, a judgment overruling a demurrer to a plea, as shown by the transcript of the record, must be taken to be correct on appeal.

3. SAME—*when judgment of Appellate Court must be affirmed.* A judgment of the Appellate Court affirming a judgment of the circuit court must be affirmed by the Supreme Court where the abstract of record is so insufficient that the Supreme Court can not determine the ground of the decision of the circuit court or review the judgment of the Appellate Court.

4. CONSERVATORS—*county court cannot appoint conservator for non-resident.* Under chapter 86 of the Revised Statutes, relating to lunatics, idiots, drunkards or spendthrifts, the county court has no jurisdiction to appoint a conservator for a person who is not a resident of the county where the proceeding is instituted.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. J. R. CREIGHTON, Judge, presiding.

P. G. BRADBURY, and GEORGE W. LACKEY, for appellants.

GEE & BARNES, and J. E. McGAUGHEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case has been brought here by appeal from the Appellate Court for the Fourth District, and the abstract of the record filed by appellants shows the following proceedings: The appellants, sisters of appellee, Sarah L. Dickirson, filed their petition in the county court of Lawrence county on May 15, 1907, alleging that appellee was a distracted and feeble-minded person, who by reason of unsoundness of mind was incapable of managing and caring for her own estate and property; that she had real property described in the petition of the value of $19,000 and personal property worth $1000. The prayer was that the court would appoint John Litherland, or some other fit person, to be conservator of appellee. On May 28, 1907, a summons was issued, and returned with an endorsement that the appellee was not found in that county. On the same day an affidavit was filed that the appellee had gone out of this State so that process could not be served upon her, and that she was then at Bernie, Missouri. Notice was published and mailed in accordance with the provisions of

the Chancery act. The notice recited that an affidavit had been filed that appellee was a non-resident of the State, and the notice was directed to her as such non-resident but the abstract does not contain any affidavit of that kind. The abstract does not show that anything further was done in the county court or what the judgment of that court was, if there was any, but the abstract indicates an appeal to the circuit court, and the notice to appellee is followed by an index in this form:

"14 Answer of Sarah L. Dickirson to petition filed in said cause.

"16 Copy of affidavit of James Dickirson, Jr.

"18 Copy of affidavit of Harriet W. Perkins.

"20 Copy of affidavit of Thomas Perkins.

Copy of affidavit of G. W. Dickirson.

"22 Copy of affidavit of Margie A. Laird, William P. Laird and Jonathan Litherland.

"26 Copy of motion made by Sarah L. Dickirson in the October term, 1907, of the circuit court to dismiss appeal."

In like manner the further proceedings in the circuit court are indexed, followed by a judgment entered at the May term, 1908, of the circuit court, which recites that the attorneys for appellee entered her special appearance for the purpose of pleading to the jurisdiction of the court, which said plea was placed on file and was before the court, and the appellants by their counsel filed a demurrer to said plea, which demurrer was overruled by the court, to which ruling appellants by their counsel excepted and elected to stand by their demurrer, and the court thereupon gave judgment in favor of appellee and against appellants upon the said plea and adjudged the costs against appellants. The abstract contains no plea or demurrer thereto, and counsel for the appellants contradict the record by saying that no plea or demurrer was ever filed. On that question we must take the judgment of the court as appearing in the transcript of the record to be correct. The abstract notes a certificate

of the presiding judge to a bill of exceptions, but it contains no bill of exceptions.

The judgment of the circuit court is presumed to be correct until the contrary is shown, and a party bringing a case to this court for review must prepare and file a complete abstract of the record in accordance with the rules of the court, in which everything upon which error is assigned must appear. (*Gibler* v. *City of Mattoon,* 167 Ill. 18.) Chapter 86 of the Revised Statutes, under which the proceeding was instituted, authorizes the county court of the county wherein any person resides who is alleged to be distracted or feeble-minded, who by reason of unsoundness of mind is incapable of managing and caring for his own estate, to proceed, on proper application, to ascertain the fact, and if the fact alleged exists the court may appoint a conservator. If the appellee was not a resident of Lawrence county the court had no jurisdiction, and for aught that appears by the abstract such was the fact. There appears to have been an answer filed by appellee, but the abstract does not indicate what it was nor show what the plea to the jurisdiction contained. The abstract does not show appellee's motion to dismiss or the affidavits heard on the same, but inasmuch as the judgment of the court was on the demurrer to the plea it may have been unnecessary to show the motion and evidence by the abstract. Viewed in any light, the abstract is so insufficient that we are unable to determine the ground of the decision by the circuit court or to review the judgment of the Appellate Court affirming the judgment of the circuit court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*