# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of DiFiglio*, 2016 IL App (3d) 160037

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF STANISLAWA DIFIGLIO, Petitioner, and JAMES DIFIGLIO, Respondent (Stanislawa DiFiglio, Third-Party Plaintiff-Appellee v. David Malmstedt, Third-Party Defendant-Appellant). |
| District & No. | Third District<br>Docket No. 3-16-0037 |
| Filed | October 19, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-D-2194; the Hon. Matthew G. Bertani, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Gregory B. Jumbeck and Timothy J. Reeb, of Reich, Jumbeck & Stole, LLP, of Joliet, for appellant.<br><br>Stanislawa DiFiglio, of Hickory Hills, appellee *pro se*.<br><br>Joseph P. Glimco III, of Law Office of Joseph Glimco, of Darien, for respondent. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices Carter and McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioner Stanislawa DiFiglio filed a petition for dissolution of marriage against respondent James DiFiglio. In the dissolution action, Stanislawa filed a third-party complaint against David Malmstedt, James's brother-in-law and attorney-in-fact, alleging that he owed money to the marital estate. Malmstedt filed a motion to dismiss the complaint for lack of personal jurisdiction. The trial court denied Malmstedt's motion. Malmstedt filed a petition for leave to appeal the trial court's denial of his motion to dismiss. We granted Malmstedt's petition for leave to appeal and affirm the trial court's order.

¶ 2                                          FACTS

¶ 3    In 2011, Stanislawa filed a petition for dissolution of marriage against James. The following year, James executed an Illinois statutory short form power of attorney for property, naming Malmstedt as his attorney-in-fact. In 2013, James sold Buchunter Transport, Inc., an Illinois corporation he started during the marriage. Malmstedt participated in the sale and received the proceeds from it.

¶ 4    In October 2014, Malmstedt accompanied James to court for a case management hearing in the dissolution action. At the hearing, Malmstedt identified himself as James's "brother-in-law and power of attorney." He stated that he sees and reviews communications that James's attorney sends to James and "go[es] over" the documents with James.

¶ 5    Stanislawa filed a petition to join Malmstedt as a third party in the dissolution action, alleging "[t]hat as the power of attorney of the estate of JAMES DIFIGLIO, David Malmstedt received and dispensed well over $575,000.00 from the sale of a portion of the business known as Buchunter Transport, Inc., which was marital property." The trial court held a hearing on the petition. At that hearing, James's attorney stated that James never possessed any funds from the sale of Buchunter Transport, Inc., because Malmstedt received all of the funds from the sale of the business. He admitted that the funds were marital property. The trial court granted Stanislawa's petition to join Malmstedt as a third party.

¶ 6    Stanislawa then filed a third-party complaint against Malmstedt, alleging that he received and dispensed with over $575,000 of marital property following the sale of Buchunter Transport, Inc. The complaint further alleged that Malmstedt owed a fiduciary duty to James and Stanislawa and that he violated his duty by "wrongfully" and "unlawfully" taking funds from the marital estate.

¶ 7    Malmstedt filed a motion to dismiss the third-party complaint "for lack of personal jurisdiction." He asserted that he "is a resident and domiciliary of the State of California and has committed no act that would submit him to the personal jurisdiction of the courts of Illinois." He further asserted that "the fiduciary shield doctrine" prevented the court from asserting jurisdiction over him based on acts he performed as James's attorney-in-fact.

¶ 8    Attached to Malmstedt's motion was an affidavit in which he averred that since he became a resident of California in 1995, he has "never performed business, or engaged in any transactions of any significance on [his] own or for [his] own personal behalf or gain, in the State of Illinois." He further averred:

> "I have never appeared before this Court, as power of attorney to transact the affairs of JAMES DIFIGLIO. Rather, on my way to Florida, and at the request of

JAMES DIFIGLIO because he was nervous about Court and needed a ride from his residential placement in Huntley, Illinois, I appeared to wheel him in and wheel him out of the courtroom and never testified or acted in any manner on behalf of JAMES DIFIGLIO."

¶ 9 Stanislawa filed a response to Malmstedt's motion to dismiss, asserting that the Illinois court had jurisdiction over Malmstedt, pursuant to section 2-209(a)(11) of the Code of Civil Procedure (Code), because he breached his fiduciary duties in this state. 735 ILCS 5/2-209(a)(11) (West 2014) (Illinois courts have jurisdiction over a nonresident defendant in an action arising from "[t]he breach of any fiduciary duty within this State").

¶ 10 The trial court denied Malmstedt's motion to dismiss, finding that "the Power of Attorney entered into between JAMES DIFIGLIO & DAVID MALMSTEDT created a fiduciary duty & relationship between DAVID MALMSTEDT & STANISLAWA DIFIGLIO as stated on the record by way of Mr. Malmstedt taking control of marital assets in which Stanislawa DiFiglio has an interest as stated on Record."

¶ 11 Malmstedt filed a petition for leave to appeal, pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Jan. 1, 2016), contesting the trial court's denial of his motion to dismiss Stanislawa's third-party complaint. We entered an order allowing Malmstedt's petition for leave to appeal.

¶ 12 ANALYSIS

¶ 13 We review the trial court's ruling denying Malmstedt's motion to dismiss *de novo*. *Nesby v. Country Mutual Insurance Co.*, 346 Ill. App. 3d 564, 566 (2004). We can affirm the court's decision on any basis supported by the record regardless of the trial court's reasoning. *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 586 (2005); see *CGE Ford Heights, L.L.C. v. Miller*, 306 Ill. App. 3d 431, 439, 444 (1999) (appellate court affirmed trial court's dismissal of counts of complaint on grounds other than those argued by defendants and relied on by trial court).

¶ 14 The plaintiff has the burden to show a valid basis for jurisdiction over a nonresident defendant. *Poplar Grove State Bank v. Powers*, 218 Ill. App. 3d 509, 517 (1991). In meeting this burden, there need only be a *prima facie* showing that jurisdiction exists. *Mandalay Associates Ltd. Partnership v. Hoffman*, 141 Ill. App. 3d 891, 894 (1986). In determining if there has been such a showing, a court must accept all well-pleaded allegations in the plaintiff's complaint as true and resolve all factual disputes in the plaintiff's favor. *Id.* at 894-95.

¶ 15 A court has personal jurisdiction over a nonresident defendant where two conditions are satisfied: (1) the requirements of the long-arm statute have been met and (2) the exercise of jurisdiction over the defendant comports with due process under the Illinois and United States Constitutions. *Rollins v. Ellwood*, 141 Ill. 2d 244, 274-75 (1990). Section 2-209(a) of the Code, known as the Illinois long-arm statute, provides in pertinent part:

"Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

* * *

- 3 -

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired[.]" 735 ILCS 5/2-209(a)(10) (West 2014).

"[T]he plain meaning of section 2-209(a)(10) is that, for purposes of *in personam* jurisdiction, the asset or thing of value involved must have been present in the State when the defendant acquired his 'ownership, possession or control' of it." *Powers*, 218 Ill. App. 3d at 520.

¶ 16    The plaintiff must show that the defendant committed an act or acts satisfying one of the criteria of the long-arm statute and that the plaintiff's cause of action arose from such acts. *Id.* at 517. This requirement has been liberally construed by Illinois courts in favor of the party asserting jurisdiction. *Hoffman*, 141 Ill. App. 3d at 896. Its purpose is to insure that there is a relationship between a cause of action against a nonresident defendant and his jurisdictional activities. *Id.* at 896-97.

¶ 17    The exercise of jurisdiction over the defendant is consistent with due process if the nonresident defendant has "certain minimum contacts" with the forum state. *Id.* at 897. "[T]his requirement is satisfied if there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State ***.' " *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

¶ 18    Where the defendant makes trips to Illinois, obtains property, including money, from Illinois residents, and remains in continual communication with Illinois residents, the minimum contacts requirement is satisfied. See *id.* "Illinois has a 'manifest interest' in providing its residents *** with a convenient forum for redressing injuries allegedly inflicted by out-of-state actors." *Id.* at 898.

¶ 19    Here, Malmstedt obtained possession and control of the proceeds of the sale of Buchunter Transport, Inc., while they were in Illinois. Those proceeds are the subject matter of Stanislawa's third-party action against Malmstedt: Stanislawa claims that Malmstedt wrongfully took possession and control of those funds. Because Malmstedt acquired possession and control of the assets in Illinois, and Stanislawa's cause of action against Malmstedt arose from his possession and control of those funds, the trial court had jurisdiction over Malmstedt, pursuant to section 2-209(a)(10) of the Illinois long-arm statute. See 735 ILCS 5/2-209(a)(10) (West 2014) (Illinois court has jurisdiction over any defendant in a cause of action arising from "[t]he acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired"); see also *Brown v. Refuel America, Inc.*, 652 S.E.2d 389, 393 (N.C. Ct. App. 2007) (North Carolina had personal jurisdiction over defendant who accepted checks in North Carolina based on provision of state's long-arm statute authorizing the state to exercise personal jurisdiction over a nonresident defendant when the plaintiff's cause of action arises from "[a] claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this State at the time the defendant acquired possession or control over it"); *Norton v. Bridges*, 712 F.2d 1156, 1164 (7th Cir. 1983) (Wisconsin had personal jurisdiction over trustee who took control of assets located in Wisconsin pursuant to Wisconsin long-arm statute that permits an assertion of personal jurisdiction in any action that arises out of "[a] claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it").

¶ 20    Furthermore, Illinois's assertion of jurisdiction over Malmstedt comports with the due process clauses of the Illinois and federal constitutions because Malmstedt had sufficient minimum contacts with Illinois. The record establishes that Malmstedt traveled to Illinois at least two times in 2013 and 2014: once for the sale of Buchunter Transport, Inc., and once when he appeared in court with James. The record also shows that Malmstedt kept in regular communication with James, an Illinois resident, reviewing correspondence James's attorney sent to James and explaining it to James. Finally, Malmstedt acted as James's attorney-in-fact pursuant to a power of attorney that was drafted in accordance with Illinois law and executed in Illinois. Malmstedt's numerous contacts with Illinois establish that he purposefully availed himself to the privilege of conducting activities in this state. See *Hoffman*, 141 Ill. App. 3d at 897.

¶ 21    Affirmed.