2019 IL App (3d) 170545

Opinion filed February 8, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| STEVEN BURGAUER, Personally and as Trustee of Margaret Burgauer Revocable Trust, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| | ) | Appeal No. 3-17-0545 |
| MARGARET BURGAUER; JAMES BURGAUER; MIS CONSULTING, | ) ) | Circuit No. 17-L-99 |
| an Illinois Corporation; PNC OF ILLINOIS, INC.; and MORGAN STANLEY SMITH BARNEY, LLC, | ) ) ) | |
| | ) | Honorable |
| | ) | Michael P. McCuskey, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice Lytton concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1    Plaintiff, Steven Burgauer, filed a complaint seeking declaratory relief against defendants, Margaret Burgauer (Margaret), James Burgauer (James), MIS Consulting, Inc., PNC of Illinois, Inc., and Morgan Stanley Smith Barney, LLC (Morgan Stanley). Margaret, James, and MIS Consulting filed an objection to personal jurisdiction and motion to dismiss plaintiff's complaint pursuant to section 2-301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-301

(West 2016)). Following a motion hearing, the trial court concluded plaintiff did not establish personal jurisdiction over Margaret and James. The court declined to exercise jurisdiction over MIS Consulting. Plaintiff appeals the trial court's final order sustaining defendants' objections and dismissing plaintiff's complaint.

¶ 2                                              I. BACKGROUND

¶ 3        The court recognizes that this case presents issues of jurisdiction and that jurisdictional facts are most pertinent to this case. However, to provide context for the analysis below, we will not limit our statement of facts to those pertaining to whether the trial court could exercise personal jurisdiction over the defendants. Instead, we will summarize the facts stated in the complaint.

¶ 4        MIS Consulting was a corporation formed in 1984 under the laws of Illinois. James Burgauer was named as an officer of the newly formed corporation.

¶ 5        On May 25, 1987, Margaret, the mother of Steven and James Burgauer, executed a revocable living trust (trust). In 1987, Margaret resided in Libertyville, Illinois, and remained there for nearly three decades before moving to Florida in October 2013.

¶ 6        In the 1987 trust instrument, Margaret named herself trustee and designated plaintiff as the successor trustee in the event Margaret refused, failed, or ceased to act as trustee. The trust provided that Margaret, as "the trustee," was authorized to withdraw net income from the trust and distribute the net income to herself in a monetary amount documented by a written request. The trust provided that if Margaret was no longer able to administer her own written requests for payment, in the opinion of "the trustee," then "the trustee" should determine the amount and distribute funds from the trust as needed for Margaret's benefit.

2

¶ 7         On October 4, 1995, Margaret executed a document, designating plaintiff to act as her attorney-in-fact under certain circumstances. Those circumstances were described in Margaret's voice in the written agreement, which stated: "effective in the event that I am disabled and unable to handle my own affairs *** [or] travelling away from my usual residence in Libertyville, Illinois and am not able to communicate with my son, Steven E. Burgauer."

¶ 8         On February 17, 2003, Margaret and plaintiff executed a discretionary authorization over the trust account because Margaret was "unable to handle financial affairs." On September 13, 2003, Margaret executed a trust amendment. The trust amendment kept plaintiff as successor trustee, allowing him to act in the event Margaret refused, failed, or ceased to act as trustee.

¶ 9         On January 1, 2008, Margaret approved a line of credit agreement for James. The agreement was secured by a promissory note, also dated January 1, 2008. James agreed to repay a sum of $750,000 at an interest rate of 4%. The agreements were negotiated and formed while Margaret was a resident of Illinois and James was a resident of Florida. Both agreements were prepared by an out-of-state attorney and provided that Florida, rather than Illinois, law would govern.

¶ 10        Plaintiff's complaint alleges that these agreements were "sham" transactions, executed after-the-fact to cover a constructive fraud arising out of the checks Margaret issued to James and MIS Consulting while suffering from a diminished mental capacity. Specifically, plaintiff alleges that 296 checks were written to James and MIS Consulting between January 2011 and December 2016.

¶ 11        After July 2013, plaintiff judged Margaret as unable to administer trust payments. On July 7, 2013, and August 10, 2013, plaintiff and Margaret entered joint listing and fee contracts, which plaintiff alleges shows he was acting as Margaret's attorney-in-fact. The complaint alleges

that Margaret resided in Florida from October 2013 to December 2016. Also according to the complaint, James resided in Florida from 1999 to 2015, after which he moved to Nevada.

¶ 12　　　　On December 23, 2016, plaintiff and Margaret each allegedly assessed that Margaret had a diminished mental capacity and was unable to manage her estate due to alcoholism and gambling. Plaintiff expressed a desire to take over Margaret's finances, and Margaret allegedly instructed plaintiff to assume the role of her attorney-in-fact and successor trustee of the trust. Margaret allegedly gave plaintiff access to her finances so he could proceed in those capacities.

¶ 13　　　　Upon gaining access to Margaret's accounts, plaintiff discovered that Margaret had issued checks to James, purportedly drawn from trust funds, totaling $200,000. Plaintiff also discovered that Margaret had issued checks to MIS Consulting totaling $488,000, also purportedly drawn from trust funds. Shortly thereafter, Margaret left her home in Florida and all her belongings to live with James in Nevada, where she continues to reside. Plaintiff has scarcely communicated with Margaret since she directed him to act as her attorney-in-fact and successor trustee of the trust.

¶ 14　　　　On February 8, 2017, Margaret allegedly revoked her durable power of attorney, which designated plaintiff as attorney-in-fact. On February 14, 2017, Morgan Stanley notified Margaret that her accounts had been frozen based on a request by plaintiff. Margaret contacted the Illinois branch of Morgan Stanley and—with the help of private counsel, FINRA, and the Illinois Department of Securities—had the freeze lifted. Margaret again revoked her durable power of attorney on March 28, 2017.

¶ 15　　　　On April 3, 2017, plaintiff filed a complaint, seeking declaratory relief pursuant to section 2-701 of the Code (735 ILCS 5/2-701 (West 2016)), pertaining to the rights of the parties

4

under the trust instruments. On April 7, 2017, Margaret, James, and MIS Consulting were served with the complaint in Nevada. Margaret, as manager, accepted service for MIS Consulting.

¶ 16    In his complaint for declaratory relief, plaintiff summarized the factors giving rise to personal jurisdiction over Margaret, James, and MIS Consulting. First, plaintiff alleged that Margaret executed trust documents and a power of attorney while residing in Illinois, as well as conducted business with Morgan Stanley and PNC Bank in Illinois. Second, plaintiff alleged MIS Consulting is an Illinois corporation. Third, plaintiff alleged James removed money from PNC Bank accounts located in Peoria, Illinois, for the benefit of himself and MIS Consulting.

¶ 17    On April 10, 2017, Margaret amended the trust to replace plaintiff as successor trustee and designate a new succession of successor trustees. A private attorney, whose name is redacted from the record, was appointed successor trustee with Thomas Burnham, who allegedly prepared the promissory note and line of credit agreements, succeeding that individual. Despite Margaret's efforts, Morgan Stanley again froze her accounts on April 27, 2017.

¶ 18    On May 8, 2017, Margaret, James, and MIS Consulting filed an objection to personal jurisdiction and a motion to dismiss plaintiff's complaint under section 2-301 of the Code. See *id.* § 2-301. On July 6, 2017, the trial court held a hearing on defendants' objection and motion. The trial court found that plaintiff failed to establish personal jurisdiction over Margaret and James, then declined jurisdiction over MIS Consulting. On July 18, 2017, the trial court entered its order, and plaintiff filed a notice of appeal of that order on August 17, 2017.

¶ 19                                  II. ANALYSIS

¶ 20    The trial court found the allegations in the complaint seeking declaratory relief were not sufficient to establish personal jurisdiction over Margaret and James. In addition, the trial court declined jurisdiction over MIS Consulting, an Illinois corporation. On appeal, plaintiff contends

that the trial court erred because the allegations set forth in the complaint for declaratory relief were sufficient for the exercise of personal jurisdiction over Margaret, James, and MIS Consulting.

¶ 21        According to the complaint seeking declaratory relief, Margaret and James both previously resided within the state of Illinois, but resided in the state of Nevada when plaintiff initiated this lawsuit in 2017 and at all times thereafter. In addition, the record reflects that MIS Consulting was incorporated in the State of Illinois in 1984 and, as of 2017, listed a Normal, Illinois, address on the Secretary of State's website for its agent, James Burgauer.

¶ 22        At this juncture, it may be helpful to provide a general discussion of the case law pertaining to personal jurisdiction. In Illinois, personal jurisdiction is authorized in certain situations described by the Code's long-arm statute, section 2-209 (*id.* § 2-209). *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 13. Specifically, section 2-209 is divided into three subsections identifying multiple grounds for invoking personal jurisdiction. *Russell v. SNFA*, 2013 IL 113909, ¶ 29; see 735 ILCS 5/2-209(a), (b), (c) (West 2016). In this case, subsections (a) and (b), dealing with specific and general jurisdiction, respectively, are the only subsections of section 2-209 relevant to this appeal. See 735 ILCS 5/2-209(a), (b) (West 2016).

¶ 23        Specific jurisdiction under subsection (a) requires the nonresident defendant's activities to be purposefully directed at Illinois, giving rise or relating to plaintiff's cause of action. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 14. Subsection (a) enumerates 14 activities or transactions that cause a nonresident to be subject to the jurisdiction of the courts in the State of Illinois. *Russell*, 2013 IL 113909, ¶ 40; see 735 ILCS 5/2-209(a) (West 2016).

¶ 24    Unlike specific personal jurisdiction, which involves a cause of action arising out of or relating to activities or transactions of a nonresident, general jurisdiction under subsection (b) exists over a resident *or* nonresident based upon four characteristics. *Russell*, 2013 IL 113909, ¶ 36; see 735 ILCS 5/2-209(b) (West 2016). These characteristics provide general personal jurisdiction, despite being *distinct from* the defendant's activities in Illinois. *Russell*, 2013 IL 113909, ¶ 36. The characteristics arguably applying to MIS Consulting are being a corporation under the laws of, or doing business in, Illinois. See 735 ILCS 5/2-209(b)(3), (4) (West 2016).

¶ 25    In combination with subsection (a) or (b), a plaintiff must show exercising personal jurisdiction over a defendant would fully comport with the familiar requirements of due process. *Russell*, 2013 IL 113909, ¶ 29 (citing *Rollins v. Ellwood*, 141 Ill. 2d 244, 275 (1990)). In order to satisfy due process for a nonresident, pertaining to specific or general personal jurisdiction, the test is whether a defendant has certain "minimum contacts" with Illinois. *Id.* ¶ 36.

¶ 26    Due process pursuant to specific personal jurisdiction over a nonresident, such as Margaret or James, requires a defendant's purposeful availment to the privilege of conducting activities within the State, invoking the benefits and protections of Illinois law. *Bombliss v. Cornelsen*, 355 Ill. App. 3d 1107, 1112-13 (2005). In this way, the defendant has a reasonable anticipation of being haled into an Illinois courthouse when those activities become the subject of litigation. *Id.* at 1113. The following considerations factor into whether due process exists: (1) the defendant's contacts with Illinois, (2) whether the cause of action arose from the defendant's contacts, and (3) the reasonableness of requiring the defendant to litigate in Illinois. *Id.*

¶ 27    Due process relating to general jurisdiction under subsection (b)(3), involving a corporation organized under the laws of Illinois, appears to require only that which its language

implies—incorporation. See 735 ILCS 5/2-209(b)(3) (West 2016). In this way, the corporation becomes a resident of the State as a matter of law. See *id.*

¶ 28    However, general jurisdiction over a *nonresident* corporate defendant "doing business" in Illinois requires "continuous and substantial" business activities by that individual in Illinois. *Russell*, 2013 IL 113909, ¶ 36; see 735 ILCS 5/2-209(b)(4) (West 2016). The defendant must be considered "at home" in the State. Thus, where the complaint alleges a nonresident corporate defendant is "doing business" in Illinois, the standard is very high and requires plaintiff's allegations to describe business activity that is "fairly measured" as continual and permanent. *Russell*, 2013 IL 113909, ¶ 36.

¶ 29    With these general propositions of law in mind, we will discuss the jurisdictional considerations applicable to the named defendants separately. We first turn to whether Margaret's conduct in Illinois warrants the attachment of personal jurisdiction, requiring her to appear and answer the allegations contained in the complaint for declaratory relief in this state.

¶ 30                                    A. Jurisdiction Over Margaret

¶ 31    In this case, it is undisputed that Margaret was the sole trustee of the trust created in the State of Illinois in 1987. It is also undisputed that Margaret fulfilled her role as trustee from 1987 until at least December 23, 2016, if not beyond that date.[1] Margaret is also the sole present beneficiary of the trust assets. James and Steven, Margaret's sons, are contingent beneficiaries entitled to a one-half share of any remaining trust assets after Margaret's death.

¶ 32    On appeal, plaintiff contends subsections (a)(7), (a)(10), (a)(11), and/or (a)(13) of the long-arm statute provide specific personal jurisdiction over Margaret in Illinois. Respectively, these subsections involve making or performing a contract substantially connected to Illinois,

---

[1]The complaint for declaratory relief alleges Margaret and plaintiff reached an agreement on December 23, 2016, for plaintiff to assume his role as the only named successor trustee of the trust due to Margaret no longer being able to manage the trust.

acquiring assets in Illinois, breaching a fiduciary duty in Illinois, and owning an interest in a trust administered in Illinois. See 735 ILCS 5/2-209(a)(7), (10), (11), (13) (West 2016).

¶ 33    As discussed below, we conclude that both subsections (a)(11) and (a)(13) provide personal jurisdiction over Margaret. Therefore, our analysis will be limited to those subsections. We also conclude that Margaret has sufficient minimum contacts with Illinois to comport with due process.

¶ 34                    1. Subsection (a)(11)—Breach of Fiduciary Duty

¶ 35    It is well established that a fiduciary relationship exists between a trustee and a beneficiary. *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006 (2010). Our supreme court has also stated, and we have followed, the rule that a contingent beneficiary is not " 'denied the right to bring an action against the trustees *** because his interest is remote and contingent.' " *Pinzino v. Vogel*, 98 Ill. App. 3d 330, 334 (1981) (quoting *Barnhart v. Barnhart*, 415 Ill. 303, 323 (1953)). The right is limited to protecting the " 'possible eventual interest,' " the trust *res*, from " 'mismanagement or dissipation of assets.' " *Id.* (quoting *Barnhart*, 415 Ill. at 323).

¶ 36    Further, "[t]he fact that the trustee and beneficiary are the same person *** does not erase the fiduciary role *** [assumed] in acting as trustee in *** administering the trust." *Hawkins v. Voss*, 2015 IL App (5th) 140001, ¶ 33.

¶ 37    Here, plaintiff's complaint alleges Margaret, acting in her capacity as trustee, breached a fiduciary duty owed to him, as a contingent beneficiary, by squandering trust assets. Specifically, plaintiff alleges Margaret's conduct, while acting with authority as trustee from 2011-2016, resulted in the mismanagement of trust funds in Illinois. Plaintiff focuses on the 296 checks written to James and MIS Consulting during this time period.

9

¶ 38    Based on the line of credit and promissory note executed between Margaret and James on January 1, 2008, pursuant to which 296 checks were apparently written, we conclude plaintiff alleged a breach of fiduciary duty by Margaret within Illinois. See 735 ILCS 5/2-209(a)(11) (West 2016).

¶ 39    It is significant that plaintiff alleged a breach of fiduciary duty owed to plaintiff, a contingent beneficiary, based, in part, on conduct that took place while Margaret was residing in the State of Illinois from 2011-2013. During this time, while Margaret resided in the State of Illinois, Margaret allegedly began a pattern of systematic advancement of trust funds to James and MIS Consulting, an Illinois corporation, when neither James nor MIS Consulting appeared to be performing any professional services for the trust.

¶ 40    Notably, the allegations concerning the wasting of trust assets support plaintiff's contention that Margaret, by 2013, was not able to manage the trust funds without breaching her fiduciary duties to plaintiff, a contingent beneficiary. On this basis, plaintiff sought declaratory relief to determine whether Margaret conceded that she could no longer act as trustee, thereby voluntarily passing that duty to the successor trustee, plaintiff, on December 23, 2016.

¶ 41    Margaret's transactions in Illinois, while acting as trustee, directly relate and give rise to plaintiff's declaratory action. Therefore, the allegations of the complaint properly trigger specific personal jurisdiction over Margaret pursuant to subsection (a)(11) of the long-arm statute.

¶ 42                         2. Subsection (a)(13)—Trust Administration

¶ 43    Next, we address plaintiff's contention that subsection (a)(13) is another basis for subjecting Margaret to the reach of the long-arm statute. Subsection (a)(13) states: "[a]ny person *** who *** does any of the acts hereinafter enumerated, thereby submits such person *** to the

10

jurisdiction *** of this State as to any cause of action arising from *** (13) The ownership of an interest in any trust administered within this State." 735 ILCS 5/2-209(a)(13) (West 2016).

¶ 44    Whether a trust is administered in Illinois in accordance with section 2-209(a)(13) depends upon the following: (1) the provisions of the trust instrument, (2) the residence of the trustees, (3) the residence of the beneficiaries, (4) the location of the trust assets, and (5) the location where the business of the trust is to be conducted. *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005, 1011 (2005) (citing *People v. First National Bank of Chicago*, 364 Ill. 262, 268 (1936)). Jurisdiction over the trustee exists when the trust is administered in Illinois, and litigation in reference to the trust ensues. *Id.*

¶ 45    Here, the record reveals the trust was administered in Illinois. Under the trust instruments, Margaret is sole trustee and present beneficiary of the trust. Plaintiff would become successor trustee only upon circumstances not alleged to have occurred before 2013. Similarly, the trust was to terminate only upon Margaret's death, with all *remaining* property, if any, being distributed to plaintiff and James as contingent beneficiaries. For these reasons, the trust instruments reveal Margaret's residence is most pertinent to determining trust administration.

¶ 46    It is indisputable that Margaret, while serving as sole trustee and present beneficiary of the trust, resided in Illinois during the approximately 26 years between the trust's creation in 1987 and her move to Florida in 2013. Therefore, each of the first three factors above point towards trust administration in Illinois. By virtue of Margaret's residence during this time, it is also apparent that the trust assets and business were located only in Illinois until 2013. The complaint alleges that Margaret, acting as trustee, issued checks drawn on the trust account to James and MIS Consulting between 2011 and 2013. Logically, these funds were withdrawn from

11

the Peoria branches of PNC Bank and Morgan Stanley, as Margaret had never lived in any other state. Thus, the trust was undoubtedly being administered in Illinois up until October 2013.

¶ 47    Additionally, even though Margaret moved to Florida in October 2013, then Nevada in December 2016, the record indicates that the trust was still administered, at least in part, in Illinois. Specifically, Margaret continued to issue checks to James and MIS Consulting, an Illinois corporation in which James is an officer.

¶ 48    Further, Margaret contested plaintiff's interference with the trust account in 2017 after plaintiff, acting as successor trustee, froze the trust account to prevent further wasteful diversion of trust assets to James and MIS Consulting. In fact, the trust account was frozen both before and after the commencement of this declaratory action. After learning that the trust account was no longer accessible to her, Margaret contacted the Peoria branch of Morgan Stanley, as well as the Illinois Department of Securities. Eventually, her efforts in Illinois, directed at reinstating her access to the trust funds, were partially successful.

¶ 49    In sum, we conclude that the trust was administered only in Illinois up until October 2013, then, at least in part, in Illinois while Margaret took steps to reinstate her access to trust funds in 2017, around the time plaintiff filed suit. Based on these allegations, we conclude Margaret's activities as trustee, with or without authority, were clearly directed at Illinois. Those activities also bear a specific and direct relationship to issues relevant to the declaration of Margaret and Steven's rights to act as trustee or successor trustee, respectively, according to the terms of the trust instruments created in the State of Illinois. Therefore, specific personal jurisdiction over Margaret is justified under subsection (a)(13) of the long-arm statute.

12

¶ 50                              3. Due Process—Margaret's "Minimum Contacts"

¶ 51        Even though sections 2-209(a)(11) and 2-209(a)(13) apply, based on the allegations contained in the complaint, Margaret asserts, and the trial court seemed to agree, that due process considerations control. As discussed below, we disagree and conclude Margaret has sufficient contacts with Illinois, satisfying all due process considerations necessary for the long-arm statute to apply.

¶ 52        As stated in the general discussion above, due process requires certain "minimum contacts" with Illinois. *Russell*, 2013 IL 113909, ¶ 36; *Bombliss*, 355 Ill. App. 3d at 1112-13. The defendant's activities must be purposefully directed at the State of Illinois, making it reasonable for the defendant to anticipate being haled into court. *Bombliss*, 355 Ill. App. 3d at 1112-13. The following factors are considered for purposes of a due process analysis: (1) the defendant's contacts with Illinois, (2) whether the cause of action arose from the defendant's contacts, and (3) the reasonableness of requiring the defendant to litigate in Illinois. *Id.* at 1113.

¶ 53        We agree with plaintiff that Margaret has sufficient minimum contacts with Illinois, such that it was not unreasonable for Margaret to expect to be served with a complaint seeking the declaration of rights under the trust she created in the State of Illinois. First, while residing and administering the trust in Illinois, Margaret systematically and continually wrote checks to James and MIS Consulting, an Illinois corporation. It is agreed that plaintiff froze the trust account in 2017, acting pursuant to his perceived authority as successor trustee under the 1987 and 2003 trust instruments. Following plaintiff's actions, Margaret, at that time a nonresident, contacted the Peoria branch of Morgan Stanley, as well as the Illinois Department of Securities, and successfully regained access to the trust funds.

¶ 54 Turning to the second due process consideration, we have no doubt that the events and interactions between Margaret and plaintiff necessitated some dispute resolution regarding a potential breach of fiduciary duty and ongoing trust administration, which are directly related to the issues raised in plaintiff's declaratory action. The legal effect of the 1987 and 2003 trust instruments, both of which were created subject to Illinois law, were called into question by Margaret's and plaintiff's independently held belief that each person was properly acting as the authorized trustee at times relevant in this case. In other words, plaintiff's cause of action arose from Margaret's interference with the decisions made by plaintiff, who believed he was acting in his capacity as successor trustee based on his December 23, 2016, conversation with Margaret. This dispute provides a direct nexus to the subject matter of plaintiff's declaratory action, namely, whether he or Margaret had or continue to have the sole authority to act as trustee.

¶ 55 Third, the reasonableness factor for assessing minimum contacts yields a tougher analysis. Reasonableness itself requires consideration of the following factors: (1) the burden of defending the action in Illinois, (2) the interest of Illinois in adjudicating the dispute, (3) the plaintiff's interest in obtaining effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the action, and (5) the shared interests of the states in advancing fundamental social policies. *Id.* at 1115. Because plaintiff invoked subsections (a)(11) and (a)(13), as to establish that Margaret "purposely directed" her activities at Illinois, it is Margaret's burden to show that litigating in Illinois would be unreasonable. *Id.* at 1113.

¶ 56 Here, the experienced trial court judge rationally considered the potential difficulties and risks of requiring an 87-year-old Nevada resident to travel to and defend against potentially protracted litigation in Illinois. The trial court's compassion and concern for an elderly defendant is valid. However, Margaret provided the court with the recent results of a March 6, 2017,

14

physical and mental examination from Dr. Michael B. Jacobs, M.D., Ph.D, who also conducted a follow-up on March 13, 2017. The examinations revealed the following opinion:

"All in all, [Margaret] is in excellent mental health, is well grounded, has full knowledge of her surroundings, her actions, and her intentions. She has a positive mental attitude and an energetic outlook for her future. My medical opinion is that Margaret Burgauer has appropriate decision-making capabilities, she has no signs of dementia and shows no indications for need of guardianship."

¶ 57    As a result, the record does not support the view that haling Margaret into court in Illinois would be overly burdensome or pose a significant risk to her health or well-being.

¶ 58    Next, efficiency and social policies indicate that it is reasonable for Margaret to defend in Illinois. PNC Bank and Morgan Stanley are national institutions, but Margaret did business with the Illinois branches of those entities at times relevant to jurisdiction. In fact, Margaret's quest to unfreeze her account began and ended with Illinois branches, along with the Illinois Department of Securities. Thus, the evidence related to plaintiff's allegations—including any witnesses from PNC Bank, Morgan Stanley, or the Illinois Department of Securities—is in Illinois. Under such circumstances, it would be contrary to social policy to place the burden of litigating in Nevada on plaintiff, as he certainly has an interest in obtaining relief by adjudicating in Illinois.

¶ 59    Our inquiry indicates Margaret has not met her burden of showing it is unreasonable to litigate in Illinois. See *id.* Thus, we conclude she has sufficient minimum contacts to be haled to court in Illinois, in compliance with due process requirements.

¶ 60                                    B. Jurisdiction Over James

¶ 61    Second, plaintiff states specific personal jurisdiction exists over James under both subsections (a) and (b) of section 2-209. Plaintiff lists subsections (a)(1), (a)(3), (a)(7), (a)(11),

and (a)(12), as well as subsections (b)(2) and (b)(4), as bases for both specific and general jurisdiction. See 735 ILCS 5/2-209(a)(1), (3), (7), (11), (12) (West 2016); *id.* § 2-209(b)(2), (4).[2] For the reasons set forth below, we conclude there is no basis for personal jurisdiction over James, as his contacts have no relation to, nor do they give rise to, plaintiff's current cause of action seeking a declaration of rights under the trust instruments.

¶ 62    1. Subsections (a)(1), (a)(12), and (b)(4)—Business in Illinois

¶ 63    Plaintiff's contention that James is an officer of MIS Consulting is presumably an argument that James is transacting business within Illinois under section 2-209(a)(1), (a)(12), or (b)(4). Subsections (a)(1) and (a)(12) of the long-arm statute state: "[a]ny person *** who *** does any of the acts hereinafter enumerated, thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action arising from *** (1) The transaction of any business within this State *** [and,] (12) The performance of duties as *** [an] officer of a corporation organized under the laws of this State." *Id.* § 2-209(a)(1), (12).

¶ 64    Particular to subsections (a)(1) and (a)(12), it is unclear how plaintiff's action, seeking a declaration of rights under the trust instruments, arises out of or relates to James's "transaction of any business" or "performance of duties" as an officer of MIS Consulting. See *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 14; 735 ILCS 5/2-209(a)(1), (12) (West 2016).

¶ 65    Similarly, under subsection (b)(4), a natural person or corporation must be doing business of a "character and extent" as to subject itself to the laws and jurisdiction where a proper agent has been served and is bound to appear. 735 ILCS 5/2-209(b)(4) (West 2016); *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill. 2d 190, 201 (1981). In other words, a *nonresident* natural

_____

[2]We note plaintiff lists these bases for jurisdiction against James, but sparsely touches on each basis in his brief. Plaintiff also argues under portions of the statute not listed in his brief. We will not make plaintiff's arguments for him, but will address his arguments as they fit within his stated bases.

16

person or corporation must be engaged in "continuous and substantial business" within Illinois. *Russell*, 2013 IL 113909, ¶ 36.

¶ 66    Here, the allegations of the complaint failed to include any details concerning the "character and extent" of James's business in Illinois as an officer of MIS Consulting. The allegations of the complaint are insufficient to establish James's business activity is "continuous and systematic" within Illinois. For these reasons, we conclude the allegations of the complaint insufficiently alleged James was "doing business" in Illinois as an officer of MIS Consulting.

¶ 67        2. Subsection (a)(3) and (a)(10)—Acquired Assets Used to Pay Real Estate Taxes

¶ 68    Plaintiff seems to invoke subsections (a)(3) or (a)(10) of the long-arm statute by stating that James accepted funds from the trust to pay real estate taxes on his property in Illinois. Plaintiff appears to argue that James acquired ownership, possession, or control of trust assets located within Illinois, then used those assets to pay real estate taxes on a property in Lake Villa, Illinois.

¶ 69    Subsections (a)(3) and (a)(10) state: "[a]ny person *** who *** does any of the acts hereinafter enumerated, thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action arising from *** (3) The ownership, use, or possession of any real estate situated in this State *** [and,] (10) The acquisition of ownership *** of any asset *** present within this State when ownership *** was acquired." 735 ILCS 5/2-209(a)(3), (10) (West 2016). Under subsection (a)(10), the " 'asset *** must have been present in the State when [acquired by] the defendant,' " and plaintiff's cause of action must arise from the acquisition of those assets in Illinois. *In re Marriage of DiFiglio*, 2016 IL App (3d) 160037, ¶ 15 (quoting *Poplar Grove State Bank v. Powers*, 218 Ill. App. 3d 509, 520 (1991)); see 735 ILCS 5/2-209(a)(10) (West 2016).

17

¶ 70    Here, the funds received by James were allegedly used to pay real estate taxes from 2009-2011. These funds would have been acquired by James while the trust was being administered by Margaret in Illinois. However, we cannot say the acquisition of those funds relates to plaintiff's cause of action, or that haling James to court in Illinois comports with due process.

¶ 71    We hesitate to find that the acquisition of funds by James from Margaret, during a period when it is not alleged Margaret suffered from a diminished mental capacity or engaged in other improper trust actions, can now, seven to nine years later, relate to plaintiff's declaratory cause of action. It cannot be said that the exercise of such power would have allowed James to reasonably anticipate being haled into an Illinois court by plaintiff.

¶ 72            3. Subsection (a)(7)—Contracts Substantially Connected to Illinois

¶ 73    Next, plaintiff argues for jurisdiction over James pursuant to contracts substantially connected to Illinois. See 735 ILCS 5/2-209(a)(7) (West 2016). Specifically, plaintiff argues James received funds, presumably from the trust, under the line of credit and promissory note agreements. We conclude these allegations invoking subsection (a)(7) are insufficient because those agreements are neither substantially connected to Illinois, nor relate or give rise to plaintiff's cause of action.

¶ 74    Here, it would be improper for the promissory note or line of credit to provide a nonparty, plaintiff, with jurisdiction in Illinois when both agreements contained clauses dictating that Florida law controlled. The execution of these documents occurred on January 1, 2008, which was a time when Margaret retained certain powers to manage trust property. We believe the conclusory allegation that these agreements were a "sham" to cover James's undue influence is insufficient, as a matter of contract or promise, to invoke jurisdiction under section 2-209(a)(7).

¶ 75 Even if section 2-209(a)(7) was invoked, it cannot be said that James reasonably anticipated being haled into court by a nonparty to the line of credit and promissory note agreements. The agreements were largely initiated, negotiated, formed, performed, and prepared by an attorney outside of Illinois, indicating a lack of purposeful availment to Illinois law by James. See *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 36.

¶ 76 Most importantly, James is not and never has been named a successor trustee, nor does he have any arguable right to administer the trust as a contingent beneficiary. For these reasons, we find no basis for jurisdiction over James with respect to this declaratory action, which is brought to resolve the disputed right of Margaret and Steven to act pursuant to the trust instruments.

¶ 77                      C. Jurisdiction Over MIS Consulting

¶ 78 Plaintiff urges this court to hold that general jurisdiction applies to MIS Consulting under subsections (b)(3) and (b)(4) of section 2-209 of the Code. See 735 ILCS 5/209(b)(3), (4) (West 2016). Those subsections of the long-arm statute state: "A court may exercise jurisdiction in any action arising within or without this State against any person who: *** (3) Is a corporation organized under the laws of this State; or (4) Is a natural person or corporation doing business within this State." *Id.*

¶ 79              1. Subsection (b)(3)—Corporation Organized Under Illinois Law

¶ 80 The jurisdictional question arising under subsection (b)(3) is interesting because the plain language of section 2-209(b)(3) states a "court *may* exercise jurisdiction" against "a corporation organized under the laws of this State." (Emphasis added.) *Id.* § 2-209(b)(3). The question, therefore, is whether, under this apparent discretionary language, the trial court erred in finding "there's really no case *** [for] exercising jurisdiction over MIS Consulting, an Illinois corporation," after finding jurisdiction did not exist over Margaret and James.

19

¶ 81 Here, we acknowledge the trial court's view that the court lacked personal jurisdiction over Margaret and James, and that it was wary about leaving MIS Consulting as the remaining defendant. We share the trial court's concerns for different reasons. Under plaintiff's complaint, framed as a declaratory action, we are of the opinion that Margaret, and not James or MIS Consulting, is the necessary party-defendant for purposes of determining who has the authority to carry out the duties of the trust. Despite being a resident corporation, we fail to see how personal jurisdiction over MIS Consulting is necessary to determine the rights of Margaret and plaintiff as trustee and successor trustee, respectively, according to the original trust instrument and subsequent amendments.

¶ 82                    2. Subsection (b)(4)—Corporation "Doing Business" in Illinois

¶ 83 Briefly, we note that general personal jurisdiction does not exist over MIS Consulting under subsection (b)(4). Plaintiff failed to allege the "character and extent" of MIS Consulting's business in Illinois, as necessary to indicate "continuous and systematic" activity. See *Cook Associates, Inc.*, 87 Ill. 2d at 201. Without these allegations, we cannot gauge the continuity and substantiality of MIS Consulting's business in Illinois. See *Russell*, 2013 IL 113909, ¶ 36.

¶ 84 For the foregoing reasons, we find the trial court properly granted defendants' objection to personal jurisdiction and motion to dismiss plaintiff's complaint as to James and MIS Consulting, but erred with respect to personal jurisdiction over Margaret. We remand the case with directions to hold further proceedings consistent with this opinion.

¶ 85                                III. CONCLUSION

¶ 86 The judgment of the circuit court of Peoria County is affirmed in part, reversed in part, and remanded with directions.

¶ 87 Affirmed in part, reversed in part, and remanded with directions.

¶ 88      JUSTICE LYTTON, concurring in part and dissenting in part:

¶ 89      I find plaintiff's complaint inadequate as a matter of law. The allegations contained therein are insufficient to support any cause of action. Thus, as explained more fully below, the trial court lacked personal jurisdiction over all of the defendants.

¶ 90      I.

¶ 91      I dissent from the majority's decision that the trial court had personal jurisdiction over Margaret Burgauer because I find that plaintiff's complaint fails to state a claim against her.

¶ 92      The factual basis for assertion and existence of jurisdiction over a nonresident defendant depends on the allegations in the complaint. *First National Bank of Chicago v. Screen Gems, Inc.*, 40 Ill. App. 3d 427, 433 (1976). The plaintiff carries the burden of establishing a *prima facie* basis for personal jurisdiction through the pleadings. *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005, 1009 (2005).

¶ 93      "When a defendant challenges jurisdiction, a court will make a preliminary inquiry as to whether the complaint states a legitimate cause of action 'to insure that acts or omissions which form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction.' " *Zeunert v. Quail Ridge Partnership*, 102 Ill. App. 3d 603, 608 (1981) (quoting *Wiedemann v. Cunard Line Ltd.*, 63 Ill. App. 3d 1023, 1030 (1978)). A count that is legally insufficient cannot serve as the basis for personal jurisdiction. *Id.* Where the plaintiff attempts to plead a specific cause of action for the sole purpose of bringing the defendant within the jurisdiction of the court, but it is "abundantly clear" that plaintiff's claim stems from a different cause of action for which the trial court cannot assert personal jurisdiction over the defendant, a motion to dismiss should be granted. See *id.*

21

¶ 94    Here, it is abundantly clear, based on the allegations in plaintiff's complaint, that plaintiff is seeking a declaration that Margaret is a "disabled person" under the Probate Act of 1975 (Act) (755 ILCS 5/11a-2) (West 2016)). However, plaintiff is disguising his claim as one for breach of fiduciary and/or waste of trust assets in an attempt to bring this case within the jurisdiction of this court. This is improper. See *Zeunert*, 102 Ill. App. 3d at 608. Margaret is not a resident of Illinois; therefore, a disability petition may not be brought against her in this state. See *Laird v. Dickirson*, 241 Ill. 380, 383 (1909); *In re Estate of Oelerich*, 31 Ill. App. 2d 457, 461-62 (1961).

¶ 95    The Act defines "disabled person" as

"a person 18 years of age or older who (a) because of mental deterioration or physical incapacity is not fully able to manage [her] person or estate, or (b) is a person with mental illness or a person with a developmental disability and who because of [her] mental illness or developmental disability is not fully able to manage [her] person or estate, or (c) because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes [her] estate as to expose [herself] or [her] family to want or suffering." 755 ILCS 5/11a-2 (West 2016).

¶ 96    The language in plaintiff's complaint describing Margaret is nearly identical to the language used in the Act. Plaintiff states:

"Defendant Margaret Burgauer was disabled and unable to handle her affairs."

"Defendant Margaret Burgauer *** was impaired by alcoholism, [and] had diminished capacity."

"Defendant Margaret Burgauer, because of mental deterioration, was not fully able to manage her estate and *** she, Defendant Margaret Burgauer, because of

22

gambling and excessive use of intoxicants (alcohol), was spending and wasting her estate so as to expose herself to want or suffering[.]"

"As of December 23, 2016, Defendant Margaret Burgauer has spent and wasted her estate as to expose herself to want or suffering because of her gambling and excessive use of alcohol. Likewise, as of December 23, 2016, Defendant Margaret Burgauer was 85 years old and suffering from mental deterioration thereby rendering her not fully able to manage her estate."

¶ 97 Moreover, the relief sought by plaintiff confirms that he is seeking an adjudication of Margaret's competence. In his prayer for relief, plaintiff seeks an order "adjudicating the parties which have control as a legal matter over the assets of the aforesaid Trust in the PNC Bank and/or Morgan Stanley; adjudicating that Plaintiff Steven Burgauer is the Successor Trustee with authority to control the assets in Peoria, Illinois at Morgan Stanley and PNC Bank."

¶ 98 Plaintiff is seeking a determination of Margaret's competency through an action initiated in a state where she does not live. The trial court does not have jurisdiction to grant the relief requested by plaintiff. See *Laird*, 241 Ill. at 383; *In re Estate of Oelerich*, 31 Ill. App. 2d at 461-62. Additionally, for the reasons set forth below, I would find that the allegations against Margaret are insufficient to state a claim against her and, thus, do not confer the trial court with jurisdiction over her.

¶ 99                                                                      A.

¶ 100 I disagree with the majority's conclusion that plaintiff's complaint states a breach of fiduciary duty claim against Margaret, thereby bringing the claim within subsection (a)(11) of the long-arm statute (735 ILCS 5/2-209(a)(11) (West 2016)). To state a claim for breach of fiduciary duty, a plaintiff must allege the existence of a fiduciary duty, a breach of that that duty,

and damages to the plaintiff that were proximately caused by the breach. *C.O.A.L., Inc. v. Dana Hotel, LLC*, 2017 IL App (1st) 161048, ¶ 73.

¶ 101   Here, plaintiff alleged none of the elements required for breach of duty. Plaintiff failed to allege that Margaret owed a fiduciary duty to him or any breach. Also, plaintiff did not allege that he suffered any damages. Instead, plaintiff alleged that, by "spending and wasting her estate," Margaret exposed "herself to want or suffering." Because plaintiff did not allege the elements necessary for a legally sufficient cause of action for breach of fiduciary duty, that cause of action cannot serve as the basis for personal jurisdiction over Margaret. See *Zeunert*, 102 Ill. App. 3d at 608.

¶ 102                                             B.

¶ 103   I also disagree with the majority's conclusion that plaintiff adequately pled a cause of action against Margaret for breach of trust/waste of trust assets. A trustee is liable for the following damages for a breach of trust: (1) any loss or depreciation in the value of the trust, (2) any profit made by the trustee through the breach of trust, or (3) any profit which would have accrued to the trust absent the breach of trust. *In re Estate of Halas*, 209 Ill. App. 3d 333, 349 (1991). A plaintiff alleging a breach of trust typically seeks an accounting, compensatory damages, and punitive damages against the breaching party. See *McCormick v. McCormick*, 118 Ill. App. 3d 455, 461 (1983).

¶ 104   Here, plaintiff did not allege any damage to himself as the result of Margaret's alleged breach of trust and did not seek any damages from her. Thus, I would find that plaintiff failed to state a legally sufficient cause of action against Margaret and would affirm the trial court's order dismissing the allegations against her. See *Zeunert*, 102 Ill. App. 3d at 608.

¶ 105                                                    II.

¶ 106          I concur with the majority's decision to affirm the trial court's dismissal of plaintiff's complaint against James for lack of jurisdiction.

¶ 107                                                   III.

¶ 108          I specially concur with the majority's decision to affirm the trial court's dismissal of plaintiff's complaint against MIS Consulting. I agree that the trial court should have dismissed the claim against MIS Consulting but not for reason stated by the majority. I would find that plaintiff's complaint fails to state a cause of action against MIS Consulting and should be dismissed on that basis.

¶ 109          When a defendant challenges jurisdiction, a court must make a preliminary inquiry as to whether the complaint states a legitimate cause of action against the defendant who contests jurisdiction. *Id.*; *Wiedemann*, 63 Ill. App. 3d at 1030. A count that is legally insufficient cannot serve the basis for personal jurisdiction. *Zeunert*, 102 Ill. App. 3d at 608. In reviewing the sufficiency of a complaint, the court disregards all conclusions of law or fact unsupported by specific factual allegations upon which such conclusions rest. *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 932 (1997).

¶ 110          Plaintiff's complaint fails to identify the causes of action he is alleging against MIS Consulting or any of the other defendants. The only explicit allegation against MIS Consulting is that MIS Consulting committed a "constructive fraud" against Margaret. However, the complaint does not allege any facts supporting such a cause of action.

¶ 111          To state a claim for constructive fraud, a pleading must allege the breach of a duty arising from a fiduciary or confidential relationship whereby the fiduciary has profited. *Farmer City State Bank v. Guingrich*, 139 Ill. App. 3d 416, 425 (1985). A plaintiff's failure to allege the

25

existence of a fiduciary relationship between the plaintiff and defendant is fatal to a claim of constructive fraud. See *id.*

¶ 112      Here, plaintiff never alleged the existence of a fiduciary relationship between plaintiff and MIS Consulting. Thus, its conclusory allegation of a "constructive fraud" must fail. Because no other cause of action is alleged against MIS Consulting, the trial court properly granted its motion to dismiss.